## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE HENRY WHALEY,** | : | **Civil No. 4:21-CV-1760** |
| | : | |
| **Plaintiff** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **v.** | : | |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM OPINION AND ORDER

### I.     Factual Background

The *pro se* petitioner in this case, George Whaley, has filed a curious pleading, a petition which apparently attempts to remove a minor state criminal case involving some traffic citations to federal court and then seeks to recover $11,228,000.00 from state officials. (Doc. 1). While we acknowledge the sincerity of Whaley's belief that this state traffic citation belongs in federal court, we are a court of limited jurisdiction. Therefore, as discussed below, we are obliged to put Whaley on notice that this case may be subject to being summarily remanded to the Court of Common Pleas of Clinton County.

II.      **Discussion**

It is well settled that "[t]he removal statutes 'are to be strictly construed

against removal and all doubts should be resolved in favor of remand.' Steel Valley

Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) (citing

Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985)), cert. dismissed

sub nom. American Standard v. Steel Valley Auth., 484 U.S. 1021, 108 S. Ct. 739,

98 L.Ed.2d 756 (1988)." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir.

1990). Therefore, "a party who urges jurisdiction on a federal court bears the burden

of proving that" removal is appropriate. Id. Thus, as we have observed in the past:

> The [party seeking removal] bear[s] the burden of establishing removal
> jurisdiction and demonstrating compliance with all pertinent procedural
> requirements. Boyer v. Snap–On Tools Corp., 913 F.2d 108, 111 (3d
> Cir. 1990), cert. denied, 498 U.S. 1085, 111 S. Ct. 959, 112 L.Ed.2d
> 1046 (1991); Steel Valley Auth. v. Union Switch & Signal Div., Am.
> Standard, Inc., 809 F.2d 1006, 1011 (3d Cir. 1987). Removal statutes
> are to be strictly construed and all doubts resolved in favor of remand.
> Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09, 61 S. Ct.
> 868, 85 L.Ed. 1214 (1941); Boyer, 913 F.2d at 111; Landman v.
> Borough of Bristol, 896 F. Supp. 406, 408 (E.D. Pa. 1995).

Shadie v. Aventis Pasteur, Inc., 254 F. Supp. 2d 509, 514 (M.D. Pa. 2003).

In this regard, it is well-settled that "[t]he existence of subject-matter

jurisdiction over an action is a prerequisite to its removal to federal court."

Bromwell v. Michigan Mut. Ins. Co., 115 F.3d 208, 212 (3d Cir. 1997). Further:

2

Upon a determination that a federal court lacks subject-matter jurisdiction over a particular action, the plain language of 28 U.S.C. § 1447(c) mandates that the matter be remanded to the state court from which it was removed. Section 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The language of this section is mandatory—once the federal court determines that it lacks jurisdiction, it must remand the case back to the appropriate state court. International Primate Protection League v. Administrators of Tulane Educ. Fund, 500 U.S. 72, 87, 111 S.Ct. 1700, 1709–10, 114 L.Ed.2d 134 (1991); Maine Assoc. of Interdependent Neighborhoods v. Commissioner, Maine Dep't of Human Svcs., 876 F.2d 1051, 1054 (1st Cir.1989).

Id. at 213.

In the instant case, Whaley purports to remove a state criminal case involving a traffic citation to federal court. However, we only have subject matter jurisdiction over the removal of state criminal cases to federal court in very narrow and specific circumstances such as where the state criminal defendant is a federal officer or agency; a member of the armed forces of the United States; or where the underlying state criminal case involves some civil rights which cannot be enforced in the state court proceedings. 28 U.S.C. §§1442, 1442a, 1443. Our preliminary review of Whaley's petition suggests that none of these narrow statutory bases for removal jurisdiction apply in this case. Therefore, we place Whaley on notice that this case

may be subject to remand to state court on jurisdictional grounds and direct him to

show cause why this case should not be remanded to state court.

An Appropriate order follows.

### III.   Order

In accordance with the accompanying Memorandum, IT IS ORDERED that

George Whaley show cause why this case should not be remanded to state court on

or before **November 22, 2021**.

So ordered this 8th day of November 2021.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
